IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY SESSION, 1997

FILED

May 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9603-CC-00135 |
| Appellee, | ) | |
| | ) | McMINN COUNTY |
| V. | ) | |
| | ) | HON. MAYO L. MASHBURN, JUDGE |
| JOHNNY VIOLET AND | ) | |
| SHIRLEY VIOLET, | ) | (CRIMINAL TRESPASSING, KILLING |
| | ) | A DOMESTIC ANIMAL, VANDALISM) |
| Appellants. | ) | |

FOR THE APPELLANT:

CHARLES M. CORN
District Public Defender

WILLIAM DONALDSON
Assistant Public Defender
110 ½ Washington Ave. NE
Athens, TN 37303

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

JERRY N. ESTES
District Attorney General

SANDRA DONAGHY
Assistant District Attorney General
10th Judicial District
P.O. Box 647
Athens, TN 37303-0647

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

-2-

The Defendants, Johnny Violet and Shirley Violet are husband and wife. They appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from their convictions following a bench trial in the McMinn County Criminal Court. Mr. Violet was convicted of the offense of killing a domestic animal less than $500.00 in value, two (2) counts of misdemeanor vandalism, and one (1) count of criminal trespass. The trial court sentenced Mr. Violet to eleven (11) months and twenty-nine (29) days on the conviction for killing a domestic animal and eleven (11) months and twenty-nine (29) days on each vandalism conviction. He was sentenced to thirty (30) days for the conviction of criminal trespass, with all sentences to run concurrently. The sentences were suspended, he was ordered to pay restitution within nine (9) months as a condition of his probation. Shirley Violet was convicted of one (1) count of misdemeanor vandalism, and was sentenced to eleven (11) months and twenty-nine (29) days, which was suspended and she was placed on probation. As to both Defendants, the sole issue on appeal is whether the evidence was sufficient to support the convictions. We affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn.

1987). Nor may this court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

On a defendant's appeal from a conviction following a bench trial, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The victim in all of the cases was Della Thomas, who resided next door to the Defendants in a rural area of McMinn County in August 1992. The evidence showed that an electric fence had been placed upon the property of Della Thomas prior to the Defendants moving into the area. At some point, the Defendants took the position that the electric fence was placed on their property. Proof was presented at trial that the fence had been cut several times, and that a cow which belonged to Della Thomas was shot by a shotgun near the fence. The cow died approximately two weeks later. After being charged by indictment with the offenses of vandalism, criminal trespass, and killing a domestic animal, the Defendants were initially placed on pre-trial diversion. However, when no restitution was paid pursuant to the memorandum of understanding, the prosecutor apparently filed a notice of termination of pre-trial diversion.

The victim, Della Thomas, and Officer Kenny Coleman of the McMinn County Sheriff's Department testified for the State at trial. Ms. Thomas described how she heard a gunshot on the evening of August 7, 1992 and later

went out to check on her cattle and noticed the injured cow separated from the other cattle in the field. Upon investigation, she noted the cow had injuries apparently caused by shotgun pellets from behind her left ear all the way back down her side and up to her backbone. A veterinarian was called, but the pellets were imbedded too far to be removed. Approximately three (3) days after her cow was shot, Ms. Thomas was returning home from Cleveland, Tennessee and noticed that all of her cattle were in the middle of the blacktop road adjoining her property. She called for her husband to help her gather up the cattle. Ms. Thomas, her husband, and her father-in-law walked down the fence line to discover the location of where the cattle had escaped. They confronted Mr. Violet, who was intoxicated. He stated to Ms. Thomas that if her cattle came back on the property within the area of the fence, that he would shoot and kill another cow.

Ms. Thomas testified that Mr. Violet had been explicitly informed to stay off of her property. Following this admonition, she observed both of the Defendants on one occasion cutting the electric fence and removing the insulators. Ms. Thomas further testified about a separate incident where she observed Mr. Violet cutting the fence by himself. Furthermore, she testified that a survey showed the electric fence to be on her side of the property line by approximately three (3) feet.

Officer Coleman testified that he was dispatched to the victim's residence approximately six or seven times concerning a problem with the fence. One of the occasions involved the shooting of the cow. After speaking with Ms. Thomas and her husband, he spoke with the Defendants. They advised the officer

that they felt the fence was on their property. Although not admitting to shooting the cow, Mr. Violet told Officer Coleman that he had been shooting his gun that day.

Mr. Violet did not testify at trial but his wife testified that her husband had in fact cut the fence, but on only one occasion. His reason for cutting the fence was that he believed it was on the Violets' side of the property line. She testified that her family owned no guns, and she also testified that Mr. Violet could not have shot the cow because no one in her family owned any guns. She denied that any police officer talked to her or her husband about shooting the cow.

The evidence presented a classic question to be determined by the trier of fact. There is sufficient evidence in this record for a rational trier of fact to find the Defendants guilty of the crimes for which they were convicted.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
JERRY L. SMITH, Judge